|  |  |
|---|---|
| NGOC LAM CHE, <br>     Plaintiff, <br> v. <br> SHIT FONG LO, <br>     Defendant. | Case No. 18-cv-00402-CRB <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

This is an ADA case in which Plaintiff, who is paraplegic, Lam Che Decl. ¶ 2 (Dkt. 17) alleges that he attempted to access a business called "Fast Fresh Pizza" in San Jose, but was prevented from doing so by (1) a lack of properly signed accessible parking spaces and (2) overly narrow accessible pathways. Complaint ¶¶ 9-14 (Dkt. 1). Plaintiff asserts claims for violation of the Uruh Act, Cal. Civil Code §§ 51-52, and the Americans with Disabilities Act ("ADA"), 42 U.S. § 12101 et. seq. Complaint ¶¶ 15-29. The Complaint seeks an injunction "directing Defendant as current owners, operators, lessors, and/or lessees of the Property and premises to modify the above described Property and premises and related facilities so that each provides full and equal access to all persons, including but not limited to persons with physical disabilities who use wheelchairs, and issue a preliminary and permanent injunction directing Defendant to provide and maintain facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy." Id. Prayer ¶ 1. He also seeks statutory damages under the Uruh Act for $4000 and attorneys' fees. Id. ¶¶ 3, 5.

Plaintiff filed his Complaint on January 18, 2018. Id. About a year later, on January

1    16, 2019, he moved for default against Defendant. Mot. for Entry of Default (Dkt. 10). The
2    Clerk filed an Entry of Default on February 13, 2019. Clerk's Notice Entry of Default
3    (Dkt. 15). He now seeks default judgment. Motion for Default Judgment (Dkt. 16); see
4    also Fed. R. Civ. P. 55(b)(2). He seeks "judgment in the amount of $7,220.00 against
5    Defendant which breaks down as follows: Statutory Damages $4,000.00 Attorney Fees
6    $2,760.00 Costs $460.00. Plaintiff also demands injunctive relief under the ADA and
7    Unruh Act, requiring Defendant to bring the Property into compliance with the [ADA
8    Accessibility Guidelines] and [California Building Code]." Motion for Default Judgment
9    at 11.

## I.   DISCUSSION

Whether to grant a motion for the entry of default judgment is within the discretion of the trial court. See Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956). Upon an entry of default by the Clerk, the factual allegations of the plaintiff's complaint will be taken as true, except those relating to the amount of damages. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008). In determining whether to enter a default judgment, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties," In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999), including whether notice has been adequately given, see Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); Fed. R. Civ. P. 55(a); accord Dytch v. Bermudez, 2018 WL 2230945, at *2 (N.D. Cal. May 16, 2018), reconsideration denied, 2018 WL 3643702 (N.D. Cal. Aug. 1, 2018). To determine whether default judgment is appropriate, this Court examines the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the likelihood of obtaining a decision on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The Court has jurisdiction under 28 U.S.C. § 1331, as the Complaint alleges violation of a federal statute, and supplemental jurisdiction under 28 U.S.C. § 1367 over the pendant state law claim. See Complaint ¶¶ 3-4. Likewise, the parties are located within the Northern District, and thus this Court has personal jurisdiction. Id. ¶¶ 1-8.

First, absent default judgment, Plaintiff has no recourse against Defendant. He thus satisfies the first Eitel factor. See Willamette Green Innovation Ctr., LLC v. Quartis Capital Partners, 2014 WL 5281039, at *6 (N.D. Cal. Jan. 21, 2014), report and recommendation adopted, 2014 WL 5260921 (N.D. Cal. Apr. 10, 2014) ("Denying a plaintiff a means of recourse is by itself sufficient to meet the burden posed by this factor."); see also Eitel, 782 F.2d at 1471-72.

Second, as to the merits, first, Plaintiff has alleged that he is deterred from visiting the property because of the barriers to his access. Complaint ¶ 12; see also Eitel, 782 F.2d at 1471-72. Third, he adequately alleges the following: he is disabled; Defendant operates a place of public accommodation; and Plaintiff was denied public accommodation. Motion for Default Judgment at 4-6; 42 U.S.C. § 12182(a) (ADA standard); Compl. ¶¶ 9-14. Plaintiff has thus satisfied the second and third prongs of the Eitel standard. See Eitel, 782 F.2d at 1471-72.

Fourth, there is only a small sum of money involved in this case—$7220, of which $4000 is statutory damages. Motion for Default Judgment at 11; see also Eitel, 782 F.2d at 1471-72.

Fifth, given that the dispute is about architectural barriers, a vigorous dispute of facts seems unlikely, because whether there are physical barriers or not would be readily determinable. See Eitel, 782 F.2d at 1471-72.

Sixth, Plaintiff alleges that Defendant received adequate notice, and this case has been pending for almost a year and a half, and thus the default is not likely due to excusable neglect. Eitel, 782 F.2d at 1471-72; Motion for Default Judgment at 9-10; see also Tsao Decl. Exh. C (Proof of Service) (Dkt. 14-3).

Seventh, and finally, because Defendant has not appeared in this case, a decision on

3

the merits is unlikely. See Motion for Default Judgment at 10; Eitel, 782 F.2d at 1472.

Thus, the requirements for a default judgment are met here. See Eitel, 782 F.2d at 1471-72. The Court thus determines that default judgment is appropriate in this case.

The Court also determines that the scope of the relief sought is appropriate. As mentioned above, the judgment amount is low, and Plaintiff's attorney is only seeking 6.9 hours of attorneys' fees at $400 an hour. See Tsao Decl. Exh. A (Dkt. 18-1). Further, the injunction sought would only require Defendant to come into compliance with state and federal law, and thus is hardly overbroad.

## II. CONCLUSION

For the foregoing reasons, the Court hereby grants the Motion for Default Judgment. The Court ORDERS that judgment shall be entered in favor of Plaintiff Ngoc Lam Che against Defendant Shit-Fong Lo. The Court therefore orders:

1) That Plaintiff recover $4,000.00 in statutory damages under the Unruh Civil Rights Act from Defendant;
2) That Plaintiff recover $2,760.00 in attorney's fees from Defendants
3) That Plaintiff recover $460.00 in costs from Defendant;
4) That Defendants are enjoined to ensure that accessible barriers are the Property located at 1130 Lucretia Ave., San Jose, CA 95122 (the "Property"), are removed and/or corrected, including but not limited to ensuring that accessible parking and pathways at the Property are accessible.

**IT IS SO ORDERED.**

Dated: June 24, 2019

_____
CHARLES R. BREYER
United States District Judge